

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**JASON RYAN JENKINS,**

   **Petitioner,**

**v.**              **CRIMINAL ACTION NO. 2:19-cr-177**

**UNITED STATES OF AMERICA,**

   **Respondent.**

*MEMORANDUM OPINION AND ORDER*

Before the Court is Jason Ryan Jenkins' ("Petitioner") *pro se* motion pursuant to 28 U.S.C. § 2255. Pet'r's Mot. Vacate, ECF No. 33 ("Pet'r's Mot."). On November 29, 2021, the Government moved to dismiss Petitioner's Motion. Resp't's Mot. Dismiss, ECF No. 35 ("Resp't's Mot."). The matter is now ripe for judicial determination. Upon review of the Motion and relevant filings, the Court finds that a hearing is not necessary. *See* 28 U.S.C. § 2255(c). For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED.**

### I. FACTUAL AND PROCEDURAL HISTORY

On November 7, 2019, Petitioner was named in a two-count Indictment charging him with Possession With Intent to Distribute Five (5) Grams or More of Methamphetamine, commonly known as "Ice," in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(B) (Count One) and Possession of a Firearm in Furtherance of Drug Trafficking, in violation of 18 U.S.C. § 924(c)(1)(A) (Count Two). Indictment, ECF No. 1. On February 5, 2020, Petitioner pled guilty to Counts One and Two of the Indictment pursuant to a written plea agreement. Guilty Plea Proceedings, ECF No. 14; Plea Agreement, ECF No. 15. On August 6, 2020, the Court imposed a sentence of 120 months' imprisonment followed by five (5) years of supervised release. J.,

ECF No. 30 ("Judgement"). Petitioner never appealed his sentence to the United States Court of Appeals for the Fourth Circuit ("Fourth Circuit").

## II. LEGAL STANDARDS

Section 2255 allows a federal prisoner "claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . [to] move the court which imposed the sentence to vacate, set aside, or correct the sentence." 28 U.S.C. § 2255. In a § 2255 motion, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *See Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to a more liberal construction of their pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Pursuant to § 2255(e), "[a]n application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention." Most critically, a petitioner has a one-year period of limitation to file a petition for collateral relief. *See Whiteside v. United States*, 775 F.3d 180, 182-83 (4th Cir. 2014). The limitations period is measured from the latest of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims

> presented could have been discovered through the exercise of due diligence.

Title 28, U.S.C. § 2255(f)(1-4).

When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." *Id.* § 2255(b). Motions under § 2255 generally "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178–79 (1947). For this reason, issues already fully litigated on direct appeal may not be raised again under the guise of a collateral attack. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013). Issues that should have been raised on direct appeal are deemed waived, procedurally defaulted, and cannot be raised on a § 2255 motion. *United States v. Mikalajunas*, 186 F.3d 490, 492 (4th Cir. 1999).

However, an individual may raise a procedurally defaulted claim if he or she can show (1) "cause and actual prejudice resulting from the errors of which he complains" or (2) that "a miscarriage of justice would result from the refusal of the court to entertain the collateral attack . . . [meaning] the movant must show actual innocence by clear and convincing evidence." *Id.* at 492–93. To demonstrate cause and prejudice, a petitioner must show the errors "worked to [his or her] actual and substantial disadvantage, infecting [his or her] entire trial with error of constitutional dimensions." *United States v Frady*, 456 U.S. 152, 170 (1982).

## DISCUSSION

The Court finds that Petitioner's Motion is untimely and that it is not saved by equitable tolling. *See Timms v. Johns*, 627 F.3d 525 (4th Cir. 2010) (holding that petitioner should have exhausted his alternative remedies in commitment action before availing himself of habeas review).

Although § 2255(f) does not define when a decision becomes "final" for purposes of the

limitations period, the Fourth Circuit has held that an unappealed federal criminal judgment becomes "final on the date upon which [Petitioner] decline[s] to pursue further direct appellate review." *United States v. Sanders*, 247 F.3d 139, 142 (4th Cir. 2001). Here, the Court entered a Judgement on August 6, 2021. *See* J. Accordingly, Petitioner had 14 days after entry of the Judgment to file a direct appeal but did not. Thus, based on the record, Petitioner's sentence became final on August 6, 2020.

Petitioner's Motion is not timely under § 2255(f)(1) because he filed on October 4, 2021, more than one year after his judgment of conviction became final. Petitioner does not allege any facts that would make his Motion timely under the remaining time frames in § 2255(f).

Moreover, Petitioner has not argued or shown that there are any extraordinary circumstances to equitably toll the untimeliness of his Motion. *United States v. Sosa*, 364 F.3d 507 (4th Cir. 2004) (noting a time-barred petitioner may be entitled to equitable tolling only if he establishes (1) extraordinary circumstances, (2) beyond his control or external to his own conduct, (3) that prevented him from filing on time).

## IV. CONCLUSION

Accordingly, since Petitioner has failed to exhaust his remedies on direct appeal, and the Petition is untimely, the Court lacks jurisdiction to entertain the instant Motion. Thus, the Government's Motion to Dismiss is **GRANTED** and Petitioner's § 2255 Motion is **DISMISSED** without prejudice.

The Court **DIRECTS** the Clerk to provide a copy of this Order to Petitioner and the United States Attorney's Office for the Eastern District of Virginia.

**IT IS SO ORDERED.**

Norfolk, Virginia
February 28, 2022

UNITED STATES DISTRICT JUDGE

4